IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00844–KMT

TRACEY S. SWAINE,

    Plaintiff,

v.

RANDALL GUELFO,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's Motion for Clarification. (Doc. No. 14, filed June 12, 2015). Plaintiff seeks clarification of the Minute Order entered on June 11, 2015 regarding her Motion for Entry of Default and Request for Hearing on Damages. (Doc. No. 13.) That Minute Order concluded that Plaintiff's request for a hearing on damages was premature because Plaintiff had only obtained an entry of default and had not moved for or demonstrated an entitlement to default judgment under Fed. R. Civ. P. 55(b). (*Id.*)

In order to obtain a judge by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek and entry of default from the Clerk of the Court under Rule 55(a). Second, *after default has been entered* by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson,* 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981)).

Although Plaintiff's Motion cited to Rule 55(b)(2), both the title and the substance of the Motion requested only an entry of default. Accordingly, the Clerk of Court entered default on June 11, 2015. (Doc. No. 12.) At no time did Plaintiff's Motion request an entry of default *judgment*. Indeed, because an entry of default is a prerequisite to obtaining default judgment under the two-step process outlined above, Plaintiff could not obtain an entry of default judgment until *after* the Clerk entered default.

Finally, the court notes that a party's default is not necessarily sufficient to entitle a plaintiff to an entry of default judgment. *Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010). More specifically, even when "default is entered, 'it remains for the court to consider whether the unchallenged facts constitution a legitimate cause of action.'" *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE § 2688, at 63 (3d ed. 1998)).

Now that the Clerk has entered default against Defendant, Plaintiff may file an appropriate motion for default judgment and request a hearing on damages. Accordingly, it is

ORDERED that Plaintiff's Motion for Clarification (Doc. No. 14) is GRANTED in part for the reason stated in this Order.

Dated this 16th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge